# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK, | ) |
| | ) |
| *Plaintiff*, | ) |
| v. | ) |
| | ) Civil Action No. 4: 11-cv-00343 |
| PALISADES COLLECTION, LLC, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

## DEFENDANT MICHAEL J. SCOTT, P.C.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Michael J. Scott, P.C. ("MJSPC"), pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff, David E. Mack (Plaintiff), and states:

## JURISDICTION

1. MJSPC admits the allegations in ¶ 1 for jurisdictional purposes only.

## PARTIES

2. Upon information and belief, MJSPC admits the allegations in ¶ 2.

3. MJSPC admits it is a law firm located in Carrollton, Texas, and its practice includes debt collection and litigation. Except as specifically admitted, MJSPC denies the allegations in ¶ 3, including subparagraphs (a) – (c), for lack of knowledge or information sufficient to form a belief therein.

## VENUE

4. MJSPC admits venue is proper. Except as specifically admitted, MJSPC denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5. Upon information and belief, MJSPC admits the allegations in ¶ 5.

## GENERAL ALLEGATIONS

6. MJSPC denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. MJSPC denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. MJSPC denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. MJSPC denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. MJSPC denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. MJSPC denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. MJSPC admits it sent a letter to Plaintiff. The letter speaks for itself and is the best evidence of its contents. MJSPC specifically denies that Plaintiff had previously requested validation from MJSPC. To the extent the allegations in ¶ 12 state otherwise, they are denied.

13. MJSPC admits its records reflect it received a letter from Plaintiff. The letter speaks for itself and is the best evidence of its contents. MJSPC, however, specifically denies that it had

previously received a demand to cease and desist and to validate the debt, as implied by ¶ 13. To the extent the allegations in ¶ 13 state otherwise, they are denied.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (FDCPA) 15 U.S.C. §1692g(B) BY DEFENDANTS PALISADES,
## MJSPC, AND MICHAEL J. SCOTT

14. MJSPC reasserts the foregoing as if fully stated herein.

15. MJSPC denies the allegations in ¶ 15 as calling for a legal conclusion.

16. MJSPC denies the allegations in ¶ 16 as calling for a legal conclusion.

17. MJSPC denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18. MJSPC denies the allegations in ¶ 18.

## TRIAL BY JURY

1. MJSPC admits Plaintiff seeks trial by jury but denies any and all liability, wrongdoing or damages under the law.

## AFFIRMATIVE DEFENSES

1. Plaintiff has not stated a claim upon which relief may be granted.

2. To the extent any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. MJSPC denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of MJSPC's purported violations.

4. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5. Assuming Plaintiff suffered any damages, he has failed to mitigate his damages or take

other reasonable steps to avoid or reduce his damages.

6. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than MJSPC that were beyond the control or supervision of MJSPC or for whom MJSPC was and is not responsible or liable.

7. Plaintiff has improperly filed this as a separate action from *David E. Mack v. Palisades Collection, LLC, et al.,* Cause No. 4: 11-CV-00344, as the two claims stem from the same transaction or occurrence. The cases should be consolidated in the interests of avoiding unnecessary litigation and conserving judicial resources.

WHEREFORE, Defendant, Michael J. Scott, P.C., requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

/s/ Teri S. Mace_____
Teri S. Mace
State Bar No. 12759480
**Michael J. Scott, PC**
1120 Metrocrest Dr. Suite 100
Carrollton, TX 75006
Telephone: 214-234-8456
Facsimile: 214-234-8454

**ATTORNEY FOR DEFENDANT,
MICHAEL J. SCOTT, P.C.**

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2011, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to Plaintiff via U.S. Mail at the address below:

David E. Mack
7720 McCallum Boulevard #2099
Dallas, Texas 75252

and to counsel for Defendant, Palisades Collections, LLC, at:

Jessica A. Hawkins, Esq.
Sessions, Fishman, Nathan & Isreal, LLC
900 Jackson Street, Suite 400
Dallas, Texas 75202

/s/Teri S. Mace_____
Teri S. Mace