**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAVID E. MACK,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  4:11-cv-00343** |
| | ) | |
| **MICHAEL J. SCOTT, P.C., et al.,** | ) | |
| | ) | |
| *Defendants.* | ) | |
| _____ | ) | |

**DEFENDANT, PALISADES COLLECTION, LLC'S, RESPONSE TO PLAINTIFF'S**
**MOTION TO QUASH ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Palisades Collection, LLC ("Palisades") submits this response to the Motion to Quash Answer and Affirmative Defenses filed by Plaintiff, David E. Mack ("Plaintiff"). Plaintiff's Motion to Quash is improper for 3 reasons.  ***First***, the Federal Rules of Civil Procedure do not provide for such a motion or remedy. ***Second***, even if Plaintiff's Motion is construed as a motion to strike, the Motion is nonetheless improper because it does not comport with the requirements or purpose of Rule 12(f). ***Third***, to the extent the Court construes Plaintiff's Motion as a motion for default, Plaintiff's Motion is premature (Plaintiff has not provided proof of service), and the Court should give Palisades an opportunity to respond and ultimately deny any motion for default. Palisades has answered, Palisades has meritorious defenses, and any delay in responding to the Complaint was not the result of gross carelessness or bad faith.

## I.      Procedural Background

On June 10, 2011, Plaintiff filed his Original Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and on June 13, 2011, Plaintiff filed his Amended Complaint ("Complaint"). Plaintiff claims "upon information and belief" Palisades received the summons via certified mail, making its Answer due on July 15, 2011. (Dtk. 1 and 4.) Plaintiff admits "[t]he exact date of service is not verified by affidavit at this time . . . ."  (Dkt. 19, ¶ 2.)

On July 21, 2011 – Six days after Plaintiff's *estimated* deadline – Palisades filed its Answer and Affirmative Defenses ("Answer"). (Dkt. 12.) On August 10, 2011 – more than 2 weeks after Palisades filed its answer – Plaintiff filed his Motion to Quash Answer and Affirmative Defenses requesting the Court "Quash the Answer and Affirmative Defenses of Defendant Palisades Collection, LLC and allow the Plaintiff to move forward with a Clerk's Default and Default Judgment for damages requested . . . ." (Dkt. 19.)

## II.      Argument

### A.      Plaintiff's Motion To Quash Is Procedurally Improper.

The Federal Rules of Civil Procedure do not provide for "motions to quash answers." Notably, Plaintiff's motion is not supported by a single citation to the FRCP or case law.

Rule 55(a) allows for entry of default when "a party against whom a judgment for affirmative relief is sought has **failed to plead or otherwise defend**, and that **failure is shown by affidavit** or otherwise."  (emphasis added). So, *if* Plaintiff had filed an affidavit

showing Palisades was served with the Complaint, and *if* Palisades had failed to plead in response to the Complaint, then Plaintiff may have been able to file a motion for default. However, neither is the case here. Plaintiff did not file an affidavit of service, and Palisades *did* respond to the Complaint.

Plaintiff likely recognizes he cannot file a motion for default and is instead trying to create a means to strike Palisades's Answer where one does not exist. Plaintiff's motion should be denied.

**B.**     **Plaintiff's Motion Is Not Proper Under Rule 12(f).**

To the extent the Court considers Plaintiff's Motion a motion to strike under Rule 12(f), Plaintiff's Motion should still be denied. Rule 12(f) provides very limited circumstances for striking pleadings, stating "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Plaintiff in his Motion to Quash "does not comport with the purpose of Rule 12(f)." *Am. S. Ins. Co. v. Buckley*, 748 F.Supp.2d 610, 628 (E.D. Tex. 2010).  The rule does not provide for striking an entire pleading, and Plaintiff has not asserted Palisades Answer contains any "redundant, immaterial, impertinent, or scandalous matter."

In the *ASIC v. Buckley* matter, the Eastern District addressed a very similar fact pattern: the plaintiff moved to strike the defendant's answer because it was untimely. *Id.* at 615. The Court held defendant's "answers and counterclaim should not be stricken based solely on [plaintiff's] argument that they are untimely." *Id.* at 627-28. "To strike the pleadings on this basis alone would be a drastic and harsh remedy," and the prejudice

to Palisades "in having [its] defenses and claims stricken in their entirety is greater than the prejudice suffered by [Plaintiff] due to the untimeliness of [Palisades's] pleadings." *Id.* at 628.

**C.** **A Motion For Default Judgment Is Premature And Palisades Should Be Provided An Opportunity To Respond.**

Plaintiff's Motion is obviously not a motion for default. Plaintiff even states he is moving "the Court to quash the Answer and Affirmative Defenses" and to "*allow* [him] to move forward with a Clerk's Default and Default Judgment." (Dkt. 19 (emphasis added).)  However, to the extent the Court considers Plaintiff's Motion a motion for default, the Motion should still be denied.

As stated above, a default would be improper because Plaintiff has not filed an affidavit of service, and Palisades has already plead in response to the Complaint showing its intent to defend.  Further, Plaintiff's Motion to Quash is an improper means for seeking a default.  Rule 55(b)(2) provides "if the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."

Moreover, a default would be improper, and the Court should not *allow* Plaintiff to seek a default in the future.  As evidenced by Palisades's Answer, Palisades has meritorious defenses to Plaintiff's allegations, Palisades alleged 6-day delay in answering the Complaint has not resulted in any prejudice to Plaintiff, and any failure to timely

respond to Plaintiff's Complaint was not the result of gross carelessness, ignorance of the rules, or bad faith.

### III.    Conclusion

WHEREFORE, Palisades respectfully requests this Court deny Plaintiff's Motion to Quash Answer and Affirmative Defenses, deny Plaintiff's request for leave to file a motion for default, and for such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Jessica A. Hawkins
Jessica A. Hawkins
State Bar No.  24068029
**Sessions, Fishman, Nathan & Israel, LLC**
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone:  214-741-3001
Facsimile:  214-741-3055

**Attorney for Defendant,**
**Palisades Collection, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2011, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to Plaintiff via U.S. Mail at the address below:

David E. Mack
7720 McCallum Boulevard #2099
Dallas, Texas  75252

Notice of this filing will be served on the following counsel of record by operation of the ECF system.

Michael J. Scott
3236 Towerwood Drive
Dallas, Texas 75234

/s/ Jessica Hawkins
Jessica Hawkins