# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID E. MACK | § | |
| | § | |
| v. | § | Case No. 4:11cv343 |
| | § | (Judge Schneider/Judge Mazzant) |
| PALISADES COLLECTION, LLC, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment against Defendant Michael J. Scott (Dkt. #11). Having considered the relevant pleadings, the Court finds that the motion should be granted.

On June 10, 2011, Plaintiff, *pro se*, sued Defendant Michael J. Scott for violation of the Fair Debt Collection Act. On June 13, 2011, Plaintiff amended his complaint (Dkt. #4).

On July 18, 2011, the Clerk's Entry of Default was entered against Defendant (Dkt. #10). On July 19, 2011, Plaintiff filed his Motion for Entry of Default Judgment (Dkt. #11). On July 22, 2011, Defendant filed a Motion to Dismiss (Dkt. #14). Defendant also attempted to file an answer on July 22, 2011, but the document was never refiled after Defendant failed to respond to the Deficiency Notice (Dkt. #16). On August 10, 2011, after Defendant failed to respond to the motion for default, the Court ordered Defendant to file a response or the Court would assume that the motion was not opposed (Dkt. #19). No response was filed. On August 15, 2011, the Court recommended that Defendant's Motion to Dismiss should be denied since it was not timely filed (Dkt. #22).

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.

Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins.*, 84 F.3d at 141. After Defendant failed to file a responsive pleading, the clerk entered a default against the Defendant.

The Court further finds as follows:

1. The Summons and Complaint were served on Defendant on June 24, 2011 (Dkt. #8).

2. Defendant failed to appear, answer, or otherwise plead.

3. Default against Defendant was duly entered by the Clerk of this Court on July 18, 2011 (Dkt. #10).

4. Plaintiff's Motion for Default Judgment was served on Defendant by mail on July 19, 2011.

5. The time permitted to file an Answer pursuant to Fed. R. Civ. P. 12(a)(1)(A) has expired, and therefore, Defendant is deemed to have admitted by default all the factual allegations in Plaintiff's Amended Complaint. Fed. R. Civ. P. 8(b)(6).

6. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b). Plaintiff's Amended Complaint is supported by sufficient

factual allegations to state a claim on which relief may be granted under the analysis of Fed. R. Civ. P. 12(b)(6). Therefore, judgment by default against Defendant is warranted by Fed. R. Civ. P. 55(b)(2).

    7. The FDCPA allows for damages as follows:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and. . . .
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a).

    8. Plaintiff's Amended Complaint requests statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A). The Court agrees that the maximum amount the Court can impose for FDCPA statutory violations is $1,000. *Lester E. Cox Med. Center v. Huntsman*, 408 F.3d 989, 993-94 (8th Cir. 2005); *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997); *Graziano v. Harrison*, 950 F.2d 107, 114 (3d Cir. 1991).

    9. However, considering the facts of this case, the Court finds that a $1,000 award is excessive, and Plaintiff should be awarded statutory damages of $250 against Defendant. Although Plaintiff does make a request for attorney's fees in his Amended Complaint, Plaintiff is not represented by counsel, so any request for attorney's fees should be denied.

## RECOMMENDATION

It is therefore recommended that Plaintiff's Motion for Entry of Default Judgment against Defendant Michael J. Scott (Dkt. #11) should be GRANTED and Plaintiff is entitled to statutory damages from Defendant Michael J. Scott, in the amount of $250, pre-judgment and post-judgment interest as allowed by law, and all taxable costs shall be borne by Defendant.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 15th day of September, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE