## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **DAVID E. MACK,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. 4: 11-cv-00343** |
| | § | |
| **PALISADES COLLECTION, LLC**, *et al.* | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT MICHAEL J. SCOTT'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Michael J. Scott ("Scott"), pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff, David E. Mack (Plaintiff), and states:

## JURISDICTION

1. Scott admits the allegations in ¶ 1 for jurisdictional purposes only.

## PARTIES

2. Upon information and belief, Scott admits the allegations in ¶ 2.

3. Scott admits he is an attorney holding Texas State Bar number 24000876, and Scott is principal of Michael J. Scott, P.C.  Except as specifically admitted, Scott denies the allegations in ¶ 3, including subparagraphs (a) – (c), for lack of knowledge or information sufficient to form a belief therein.

## VENUE

4. Scott admits venue is proper. Except as specifically admitted, Scott denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5. Upon information and belief, Scott admits the allegations in ¶ 5.

## GENERAL ALLEGATIONS

6. Scott denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. Scott denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. Scott denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. Scott denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. Scott denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. Scott denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. Scott admits it sent a letter to Plaintiff. The letter speaks for itself and is the best evidence of its contents.  Scott specifically denies that Plaintiff had previously requested validation from Scott or Michael J. Scott, P.C.  To the extent the allegations in ¶ 12 state otherwise, they are denied.

13. Scott admits its records reflect it received a letter from Plaintiff.  The letter speaks for itself and is the best evidence of its contents.  Scott, however, specifically denies that he or Michael

J. Scott, P.C. had previously received a demand to cease and desist and to validate the debt, as implied by ¶ 13.  To the extent the allegations in ¶ 13 state otherwise, they are denied.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692g(B) BY DEFENDANTS PALISADES, MJSPC, AND MICHAEL J. SCOTT

14. Scott reasserts the foregoing as if fully stated herein.

15. Scott denies the allegations in ¶ 15 as calling for a legal conclusion.

16. Scott denies the allegations in ¶ 16 as calling for a legal conclusion.

17. Scott denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18. Scott denies the allegations in ¶ 18.

## TRIAL BY JURY

1. Scott admits Plaintiff seeks trial by jury but denies any and all liability, wrongdoing or damages under the law.

## AFFIRMATIVE DEFENSES

1. Plaintiff has not stated a claim upon which relief may be granted.

2. To the extent any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. Scott denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of Scott's purported violations.

4. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5. Assuming Plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

6. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than Scott that were beyond the control or supervision of Scott or for whom Scott was and is not responsible or liable.

7. Plaintiff has improperly filed this as a separate action from *David E. Mack v. Palisades Collection, LLC, et al.,* Cause No. 4: 11-CV-00344, as the two claims stem from the same transaction or occurrence. The cases should be consolidated in the interests of avoiding unnecessary litigation and conserving judicial resources.

WHEREFORE, Defendant, Michael J. Scott, requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully Submitted,

**MICHAEL J. SCOTT, P.C**
1120 Metrocrest Drive, Suite 100
Dallas, Texas 75206
Tel:  (214) 234-8456
Facsimile:  (214) 234-8454

/s/ Michael J. Scott
Michael J. Scott
SBN 24000876
Teri Stewart Mace
SBN: 12759480

**ATTORNEY FOR DEFENDANT**
**MICHAEL J. SCOTT**

## Certificate of Service

       This is to certify that a true and correct copy of this instrument was this day forwarded to all counsel of record through the Court's ECF system and to those identified below via the United States Postal Service and/or Certified Mail Return Receipt Requested.

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas75252

Jessica A. Hawkins, Esq.
Sessions, Fishman, Nathan & Isreal, LLC
900 Jackson Street, Suite 400
Dallas, Texas 75202

Signed October 17, 2011.

                               /s/ Michael J. Scott
                               Michael J. Scott