**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAVID E. MACK,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4: 11-cv-00343 |
| | § | |
| **PALISADES COLLECTION, LLC**, *et al.* | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT MICHAEL J. SCOTT'S MOTION TO VACATE
DEFAULT JUDGMENT AND MEMORANDUM IN SUPPORT**

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to Federal Rule of Civil Procedure 60(b), Defendant Michael J. Scott moves the Court to vacate the default judgment entered against him in this case. In support of this Motion, Defendant would show as follows:

**A.  Introduction**

1.  Plaintiff is David Mack. Moving defendant is Michael J. Scott ("Moving Defendant"). Other defendants are Michael J. Scott, P.C. ("MJSPC") and Palisades Collections, LLC ("Palisades").

2.  On June 10, 2011, plaintiff sued defendants for alleged violation of the Federal Debt Collection Practices Act.

3.  The clerk rendered a default judgment against Moving Defendant, and on October 14, 2011, the Court entered the default judgment.

[Continued on Next Page]

### B. Argument

4. The Court should vacate the default judgment on the grounds that it is void. Fed. R. Civ. P. 60(b)(4); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996). The Clerk's Entry of Default (Document No. 10 on the Court's docket), and in turn, the Court's Default Judgment (Document No. 39), were based only on Plaintiff's affidavit stating that Moving Defendant was served (attached to Document No. 9).

5. Plaintiff's affidavit, however, was incorrect and misstated the facts. Moving Defendant was not served. No Summons even issued for Moving Defendant. In short, the Court lacked jurisdiction over Moving Defendant, therefore, any judgments, including the default judgment, are void. *Pinauad v. County of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) ("If the defendant was not properly served, the clerk cannot enter default."); *Schwartz v. U.S.*, 976 F.2d 213, 217 (4th Cir. 1992) (noting that a judgment is void if the court lacked jurisdiction over the party at the time of judgment); *Martinez v. Picker Int'l*, 635 F. Supp. 658, 659 (D.P.R. 1986).

6. A review of the court's docket in this case shows that only two Summons were issued:

    a. Summons for Michael J. Scott, P.C.    Document No. 6
    b. Summons for Palisades Collection, LLC    Document No. 7

Movant asks that the court take judicial notice of its file in this case.

7. Although Document No. 6 describes the Summons as issued "to Michael J. Scott and forwarded to U.S. Marshal for service," the Summons was actually issued as to Michael J. Scott, P.C. – another defendant in this case.[1] There is no record in the Court's file of a Summons ever issuing to, or service ever being executed upon, Michael J. Scott, individually.

---

[1] Although the Summons in this case are sealed, the Moving Defendant asks the Court to take judicial notice of the contents of the Summons contains in Document Nos. 6 and 7.

**C.     Conclusion**

8.     Because the Court records indicate there was no Summons issued for Michael J. Scott, individually – and there was no service to him – Moving Defendant was not properly under the jurisdiction of the Court, and any judgment against said defendant is void.[2]

WHEREFORE, the Moving Defendant respectfully requests that the Court vacate the default judgment entered against it in this case on the grounds that the Court did not have jurisdiction over Moving Defendant due to failure of service of the suit upon said Defendant, and the judgment is, therefore, void.

Respectfully Submitted,

**MICHAEL J. SCOTT, P.C**
1120 Metrocrest Drive, Suite 100
Dallas, Texas 75206
Tel:  (214) 234-8456
Facsimile:  (214) 234-8454

/s/ Michael J. Scott
Michael J. Scott
SBN 24000876
Teri Stewart Mace
SBN: 12759480

**ATTORNEY FOR DEFENDANT
MICHAEL J. SCOTT**

---

[2] Defendant Michael J. Scott is filing an Answer concurrently with this Motion.

**Certificate of Service**

      This is to certify that a true and correct copy of this instrument was this day forwarded to all counsel of record through the Court's ECF system and to those identified below via the United States Postal Service and/or via Certified Mail Return Receipt Requested.

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252

Jessica A. Hawkins, Esq.
Sessions, Fishman, Nathan & Isreal, LLC
900 Jackson Street, Suite 400
Dallas, Texas 75202

Signed October 17, 2011.

                                                /s/ Michael J. Scott
                                                Michael J. Scott